**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| SANDY GARCIA, ) | Case No. 1:25-cv-00263 |
| ) | |
| Plaintiff, ) | Judge J. Philip Calabrese |
| ) | |
| v. ) | Magistrate Judge |
| ) | Reuben J. Sheperd |
| PROCOLLECT, INC., *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**OPINION AND ORDER**

Plaintiff Sandy Garcia filed a complaint against five Defendants alleging violations of the Fair Debt Collections Practices Act and the Fair Credit Reporting Act.  (ECF No. 1.)  On April 7, 2025, Plaintiff moved to dismiss Defendant ProCollect, Inc. with prejudice.  (ECF No. 10.)  On April 16, 2025, Plaintiff filed a joint stipulation of dismissal with prejudice of Defendant Midland Credit Management, Inc.  (ECF No. 11.)  On May 2, 2025, Plaintiff moved to dismiss Defendant Experian Information Solutions, Inc. with prejudice.  (ECF No. 14.)  On June 4, 2025, Plaintiff moved to dismiss Defendant Jefferson Capital Systems, LLC with prejudice.  (ECF No. 15.)  On June 16, 2025, Plaintiff filed a notice of dismissal with prejudice of Defendant Equifax Information Services, LLC.  (ECF No. 16.)

Rule 21 provides that the court may at any time, on just terms, add or drop a party.  Fed. R. Civ. P. 21.  Unless the parties agree otherwise, the Court generally drops a party under Rule 21 without prejudice.  *See Michaels Bldg. Co. v. Ameritrust Co. N.A.*, 848 F.2d 674, 682 (6th Cir. 1988).  Here, Plaintiff moves to dismiss

Defendants ProCollect, Experian Information Solutions, and Jefferson Capital Systems with prejudice. (ECF No. 10; ECF No. 14; ECF No. 15.) Dismissal of a party under Rule 21 is committed to the sound discretion of the district court. *Hiller v. HSBC Fin. Corp.*, 589 F. App'x 320, 321 (6th Cir. 2015) (per curiam) (citing *Sutherland v. Michigan Dep't of Treasury*, 344 F.3d 603, 612 (6th Cir. 2003)). Based on the Court's review of the record, and the failure of any party to object, the Court sees no reason not to dismiss Defendants ProCollect, Experian Information Solutions, and Jefferson Capital Systems with prejudice.

After a defendant has filed an answer, as here, or a motion for summary judgment, a plaintiff may obtain a voluntary dismissal through "a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A)(ii). This type of dismissal generally is without prejudice. *Id.* Here, Defendant Midland Credit Management filed an answer on March 12, 2025. (ECF No. 9.) Then, on April 16, 2025, Plaintiff and Defendant Midland Credit Management filed a joint stipulation of dismissal with prejudice under Rule 41(a)(1)(A)(ii). (ECF No. 11.) The joint stipulation is signed by Plaintiff's counsel and Defendant Midland Credit Management's counsel. Although Plaintiff also named ProCollect, Jefferson Capital Systems, Equifax Information Services, and Experian Information Solutions as Defendants, they did not appear. Therefore, the stipulation does not require a court order and is self-executing.

Plaintiff filed a notice of dismissal with prejudice as to Equifax Information Services under Rule 41(a)(1)(A)(i). (ECF No. 16.) This rule is self-executing, resulting in dismissal of Defendant Equifax Information Services.

For these reasons, the Court **DISMISSES** Defendants Midland Credit, Inc. and Equifax Information Services, LLC **WITH PREJUDICE**, **GRANTS** the motions **DISMISSING** Defendants ProCollect, Inc., Experian Information Solutions, Inc., and Jefferson Capital Systems, LLC **WITH PREJUDICE** (ECF No. 10; ECF No. 14; ECF No. 15), and closes this case.

**SO ORDERED.**

Dated: June 16, 2025

J. Philip Calabrese
United States District Judge
Northern District of Ohio

3